FILED
 2015 Sep-29  AM 08:56
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CLEORA TUQUANA HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:14-cv-01268-JHE |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. | |

### MEMORANDUM OPINION[1]

Plaintiff Cleora Tuquana Hodge ("Hodge") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). Hodge timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Hodge was a fifty-year-old female at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 38, 40). Hodge has a high school education, as well as two years of college coursework, and previously worked as a Head Start teacher. (Tr. 179).

Hodge filed her applications for a period of disability, DIB, and SSI on November 29,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

2010, and November 30, 2010. (Tr. 136-39). The Commissioner initially denied Hodge's application, and Hodge requested a hearing before an ALJ. (Tr. 98). After a hearing, the ALJ denied Hodge's claim on November 30, 2012. (Tr. 40). Hodge sought review by the Appeals Council, but it declined her request on May 9, 2014. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On July 1, 2014, Hodge initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999);

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

*accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Hodge meets the insured status requirements of the Social Security Act through December 31, 2014, and that Hodge did not engage in substantial gainful activity from the alleged onset date of June 1, 2009. (Tr. 21).  At Step Two, the ALJ found Hodge has the following severe impairments: epilepsy and recurrent seizure disorder; brain lesion; asthma with a nicotine dependency; chronic obstructive pulmonary disease; hypertension; left cervical radiculopathy; cognitive disorder; adjustment disorder; depression with insomnia; and anxiety disorder.  (*Id.*).  At Step Three, the ALJ found Hodge does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23-26).

Before proceeding to Step Four, the ALJ determined Hodge's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ determined Hodge has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with specified limitations.  (Tr. 26).  She can only lift, carry,

push and pull 20 lbs. occasionally and 10 lbs. frequently; can sit, stand, and walk 6 hours intermittently through an 8-hour workday; can never climb ladders, ropes, or scaffolds; can frequently climb stairs and ramps; can frequently stoop, kneel, crouch, crawl, and engage in activities requiring balance; must avoid concentrated expose to extreme heat and cold and concentrated areas; must avoid all exposure to operational controls of moving machinery and unprotected heights; no commercial driving; limited to simple, routine, and repetitive tasks; limited to work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional, brief, and superficial interaction with the public, co-workers, and supervisors. (*Id.*).

At Step Four, the ALJ determined, through the date last insured, Hodge is unable to perform any past relevant work. (Tr. 38). At Step Five, the ALJ determined, based on Hodge's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Hodge could perform. (Tr. 39). Therefore, the ALJ determined Hodge has not been under a disability and denied Hodge's claim. (Tr. 40).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Hodge failed to demonstrate

5

a disability, and the ALJ applied the proper standards to reach this conclusion. Hodge challenges the ALJ's decision on two specific, narrow grounds. (Doc. 12). She contends (1) the ALJ improperly discounted opinions from a treating physician and (2) absent development of the record, the ALJ failed to favorably apply the Medical-Vocational Guidelines. (*Id.*). Neither of these contentions has merit.

### A.  The ALJ Properly Discounted Dr. Jeremy Allen's Conclusions

Hodge challenges the ALJ's conclusion not to accord controlling weight to Dr. Jeremy Allen's Medical Source Statement ("MSS") opining Hodge is limited to a reduced range of sedentary work. (Tr. 458). Because this opinion addresses Hodge's RFC, an issue reserved for the Commissioner, the ALJ properly discounted Dr. Allen's conclusory statement and provided an adequate basis for doing so.

Generally, a treating physician's opinion is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal quotations omitted)). "Good cause" exists to reject a treating physician's opinion when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate his reasons." *Id.* The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the

determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1546(c).

Dr. Allen's conclusion that Hodge is limited to a reduced range of sedentary work is an opinion on an issue reserved to the Commission, specifically Hodge's RFC, and thus, while relevant, is not determinative or entitled to controlling weight. *See 2*0 C.F.R. §§ 404.1527(e), 416.927(d). Furthermore, Dr. Allen's MSS is a "check-the-box" form, which provided no narrative or insight into the reasons behind Dr. Allen's conclusion. (Tr. 458). Therefore, it has little probative value. *See Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The ALJ discounted Dr. Allen's conclusion because it was inconsistent with the evidence of record. (Tr. 38). Dr. Allen indicated Hodge would experience fatigue and weakness from walking, standing, bending, stooping, and moving extremities. He also indicated this fatigue and weakness would negatively impair her performance of tasks and cause abandonment of tasks. (Tr. 38, 461). The ALJ, however, found this inconsistent with the examination notes indicating Hodge had normal neurological and musculoskeletal findings with respect to weakness or fatigue, (tr. 264, 274, 381, 405, 469, 527, 528), and Hodge's report regarding her activities of daily living, which included housework, such as laundry and dishwashing, as well as grocery shopping. (Tr. 38, 326). Given the consideration of the evidence of record, the ALJ provided a proper basis to discount Dr. Allen's conclusory statement.

**B.  The ALJ Was Not Required to Apply the Medical-Vocational Guidelines**

At Step Five, the Commissioner must determine that a significant number of jobs exist in the national economy that the claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).  Generally, there are two methods by which the Commissioner may carry this burden: (1) through use of expert vocational testimony or (2) the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 ("the Grids").  *See Winschel*, 631 F.3d at 1180.  The Grids, however, are not applicable where nonexertional limitations are severe enough to prevent a wide range of gainful employment at the designated level.  *See Syrock v. Heckler*¸ 764 F.2d 834, 836 (11th Cir. 1985).

Hodge challenges the ALJ's determination that she is capable of other work available in the national economy.  Specifically, it appears she is arguing that, because the ALJ found her limited to a reduced range of light work, he should have looked to Rule 201.14 to find that she was disabled, at least after age 50.  Rule 201.14, however, applies to individuals who are limited to unskilled, sedentary work.  Because the ALJ found Hodge capable of a reduced range of light work, he was not required to look exclusively to the Grids to determine whether Hodge was disabled.

Where, as here, the Grids are inapplicable, the ALJ will solicit testimony from a vocational expert to determine whether a claimant's RFC permits her to engage in work that exists in the national economy.  *See Winschel*, 631 F.3d at 1180.  There is no authority commanding the ALJ to refer to a Grid rule below the claimant's RFC to determine disability as it appears Hodge suggests.

Moreover, Hodge is not challenging the ALJ's RFC determination, and she has not shown that she is limited to an RFC for sedentary work.  At most, Hodge argues the ALJ should

8

have further developed the record by obtaining medical expert testimony to determine her RFC; however, she offers no basis to trigger the need for a medical expert. Although an ALJ "has a basic obligation to develop a full and fair record[,]" "the claimant bears the burden of proving [s]he is disabled, and, consequently, [s]he is responsible for producing evidence to support h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Hodge has not carried that burden. Furthermore, "there must be a showing of prejudice before it is found that the claimant's right to due process have been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Hodge does not make this showing either. In sum, Hodge failed to prove she was disabled, and the ALJ had no obligation to produce additional evidence for her.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Hodge's claim for a period of disability, DIB, and SSI is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 29th day of September 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE